LYMAN R. BLAKE vs. EZEKIEL B. STODDARD.

At a trial, the defendant, to show that testimony of the plaintiff as to the time when he bought a promissory note was not to be relied on, put in evidence answers of the plaintiff to interrogatories filed in the case, in which he stated that he bought it at a different time. The plaintiff, on reëxamination, offered to testify that he was mistaken in his answers to the interrogatories, and that, as soon as he discovered his mistake, he informed his counsel, in order that it might be corrected. *Held*, that this testimony was admissible, although the plaintiff had not asked leave to amend his answers.

CONTRACT on two promissory notes signed by the defendant, dated July 1, 1865, payable, one in twenty-six, and the other in thirty months.

At the trial in the superior court, before *Reed*, J., it appeared that the notes had belonged to Samuel Blake and been by him transferred to the plaintiff, and that Samuel Blake had executed to the defendant in July 1867 a release under seal of all claims against him. The defendant contended that the notes were transferred by Samuel Blake to the plaintiff after the release and after maturity, and that the plaintiff took them with knowledge of the release. The plaintiff testified that he bought them in good faith from Samuel Blake about the middle of June 1867.

The defendant introduced and read to the jury the answers of the plaintiff to interrogatories filed by the defendant, in which he stated several times that he purchased the notes and they came into his possession in May 1867. The plaintiff was called in reply, and was asked when he first discovered that he had given a wrong date in his answers, and what, if anything, he did in consequence of it. To this question the defendant objected but not on account of its form; the objection was overruled; and the plaintiff answered " that, very soon after the day when the answers were made, he discovered, upon examining some memoranda as to the date of his return from Europe, that he must have purchased the notes in June and not in May, and that he immediately went to his counsel and informed him that it was not in May but in June that he bought the notes, that it might be corrected."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. D. Ball*, for the defendant.

*E. Merwin*, for the plaintiff.

COLT, J. To show that the testimony of the plaintiff as to the time when he bought the notes in suit was not to be relied on, the defendant produced his previous written answers to interrogatories filed under the practice act, in which he stated a different time. In reply to this, it was clearly competent for the plaintiff to explain that he was mistaken in his first answer, and took steps to correct the mistake when discovered. In answer to the question what he did in this connection, he stated, it is true, that he went to his counsel and informed him of it. His statements to others in the absence of the defendant would not be competent evidence of the facts stated, and do not appear to have been offered as such. In answer to the question here put, the fact that he went to his counsel, and the statement made, must be regarded as acts accompanying the discovery of the mistake and explaining the plaintiff's conduct in regard to it. As such, the evidence was properly admitted as against the defendant's general objection to its competency. *Commonwealth* v. *Hawkins*, 3 Gray, 463. It is not necessary, under our practice, to first ask the witness whether he has ever testified differently. *Gould* v. *Norfolk Lead Co.* 9 Cush. 338.

It is urged that the plaintiff should have first asked leave to amend his written answers, and could not, without such amendment, be allowed to explain them. But the plaintiff was called as a witness, and must have the privileges of a witness when his former declarations are used to discredit his testimony.

*Exceptions overruled.*